

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JOSEPH NICHOLS, | ) Case No. CV 14-6345-DSF (SH) |
| Petitioner, | ) |
| | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION FOR WRIT |
| v. | ) OF HABEAS CORPUS |
| | ) |
| WARDEN JOHN SOTO, et al., | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

## I. BACKGROUND

On August 13, 2014, pro se petitioner Joseph Nichols, in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition challenges his 1993 convictions for kidnapping for robbery, second degree robbery, attempting to dissuade a witness, evading a peace officer, and a firearm allegation, in Los Angeles County Superior Court (Case No. PA007472). (Petition at 2). As best the Court can glean from petitioner's allegations, petitioner alleges the following claims: (1) Petitioner is actually innocent of the offenses; (2)

Petitioner received ineffective assistance of appellate counsel; (3) The prosecutor committed misconduct by withholding and destroying exculpatory evidence; (4) The trial court denied petitioner discovery; (5) There was insufficient evidence to support petitioner's convictions; and (6) Petitioner's convictions were based on knowingly false evidence. (Petition, Attachment at A, B and 65-67.)

## II.  DISCUSSION

On October 18, 1999, petitioner filed a Petition for Writ of Habeas Corpus herein (Case number CV 99-10778-LGB (SH)). In that habeas petition, petitioner challenged the same 1993 convictions. On June 23, 2000, the district court denied that Petition with prejudice, in accordance with the findings, conclusions and recommendations of the Magistrate Judge (finding that the petition was time barred). On July 12, 2000, the district court denied petitioner's Petition for a Certificate of Appealability. On December 28, 2000, the Ninth Circuit Court of Appeals denied petitioner's Request for a Certificate of Appealability.

On May 26, 2006, petitioner filed a second Petition for Writ of Habeas Corpus herein (Case number CV 06-3278-DSF (SH)). In that habeas petition, petitioner challenged the same 1993 convictions. On May 31, 2006, the district court dismissed that petition because it was an unauthorized successive petition.

On June 30, 2006, petitioner filed a third Petition for Writ of Habeas Corpus herein (Case number CV 06-4168-DSF (SH)). In that habeas petition, petitioner challenged the same 1993 convictions. On July 6, 2006, the district court dismissed that petition because it was an unauthorized successive petition.

On July 18, 2006, petitioner filed a fourth Petition for Writ of Habeas Corpus herein (Case number CV 06-4481-DSF (SH)). In that habeas petition, petitioner challenged the same 1993 convictions. On July 20, 2006, the district court dismissed that petition because it was an unauthorized successive petition.

On July 24, 2009, petitioner filed a fifth Petition for Writ of Habeas Corpus by a Person in State Custody herein (Case number CV 09-5418-DSF (SH)).  In that habeas petition, petitioner challenged the same 1993 convictions.  On August 11, 2009, the district court dismissed that petition because it too was an unauthorized successive petition.  On February 11, 2010, the district court denied petitioner's motion to vacate the Judgment.  On March 17, 2010, the district court denied petitioner's Request for a Certificate of Appealability.  On April 7, 2010, the district court denied petitioner's Application for a Certificate of Appealability.  On September 1, 2010, the district court denied petitioner's second motion to vacate the Judgment.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.  28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in the district court.  The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.  § 2244(b)(3)(A)."  Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition is a successive habeas corpus petition.  The instant Petition was filed on August 13, 2014, well after the effective date of the AEDPA.  Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition.  See 28 U.S.C. § 2244(b)(3)(A).   It appears that no such authorization has been obtained in this case.  The Petition is dismissed for that reason.

To the extent that petitioner is contending that he is not precluded from filing a successive  petition based on a claim of actual innocence, the Court rejects petitioner's contention.

Petitioner's claim of actual innocence appears to be merely claims of legal insufficiency, ineffective assistance of counsel and prosecutorial misconduct.  See Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("'Actual innocence' means factual innocence, not mere legal insufficiency."); Morales v. Ornoski, 439 F.3d 529, 533-34 (9th Cir. 2006).

Moreover, petitioner has not made a showing of actual innocence, supported by new reliable evidence.  See Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.").

Consequently, it does not appear that the actual innocence exception to filing

a successive petition would apply.

### III.  <u>ORDER</u>

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.

DATED:   ___8/15/14_____

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

Dated:  <u>August 14, 2014</u>

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

6